IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ERIK SHUTTLEWORTH, | ) |
| Plaintiff, | ) |
| | ) Case No. 2:12-cv-15155 |
| v. | ) |
| | ) **COMPLAINT** |
| ASSET ACCEPTANCE, LLC, | ) |
| | ) **Jury Trial Demanded** |
| Defendant. | ) |

## NATURE OF ACTION

1.  This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

## JURISDICTION AND VENUE

2.  This Court has jurisdiction under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1367(a).

3.  Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, and/or where Defendant transacts business in this district.

## PARTIES

4.  Plaintiff, Erik Shuttleworth ("Plaintiff"), is a natural person.

5.  Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

1

6. Defendant, Asset Acceptance, LLC ("Defendant"), is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

7. Defendant transacts business in the City of Warren, County of Macomb and State of Michigan.

8. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

9. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

10. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely, a Chase Bank personal credit card.

11. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

12. On or about September 1, 2012, Defendant sent Plaintiff written communication in connection with the collection of an alleged debt. (September 1, 2012 written communication, attached hereto as Exhibit "A").

13. In said communication, Defendant stated: "If you have a complaint about the way we are collecting this debt, please write to us at PO Box 1658, Warren, MI 48090-1658. (Exhibit A).

14. In response, on or about September 24, 2012, Plaintiff sent Defendant written communication to PO Box 1658, Warren, MI 48090-1658 which disputed the validity of the debt and demanded that Defendant cease and desist from any further contacts with Plaintiff ("first dispute"). (September 24, 2012 written communication, attached hereto as Exhibit "B").

15. Realizing that Defendant's letter also contained a different address, Plaintiff sent Defendant written communication to PO Box 2036 Warren, MI 48090-2036 which disputed the debt and demanded that Defendant cease and desist from any further contacts with Plaintiff ("second dispute"). (See September 27, 2012 Correspondence, attached as Exhibit "C").

16. Defendant received Plaintiff's first dispute on September 28, 2012 at 7:45 A.M.

17. Defendant received Plaintiff's second dispute on October 1, 2012 at 7:59 A.M.

18.     Despite having received written communication from Plaintiff requesting that Defendant cease and desist all collection contacts, Defendant sent Plaintiff written communication dated October 1, 2012 in connection with the collection of the alleged debt. (See October 1, 2012 Correspondence, attached as Exhibit D).

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692c(c)

19.     Plaintiff repeats and re-alleges each and every factual allegation above.

20.     Defendant violated 15 U.S.C. § 1692c(c) by communicating with Plaintiff after having received a letter from Plaintiff with a request to cease and desist all collection contacts or a statement that Plaintiff refuses to pay the alleged debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692c(c);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

21.     Plaintiff is entitled to and hereby demands a trial by jury.

This 21st day of November, 2012.

        WEISBERG & MEYERS, LLC

        /s/ Ronald S. Weiss
        Ronald S. Weiss
        (P48762)
        7035 Orchard Lake Road, Suite 600
        West Bloomfield, MI 48322
        RWeiss@AttorneysForConsumers.com
        (888) 595-9111 ext. 230
        (248) 737-8003 Fax
        *Lead Counsel for Plaintiff*

        **Correspondence address**
        Weisberg & Meyers, LLC
        5025 N. Central Ave., #602
        Phoenix, AZ 85012